USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 17 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMART TECHNOLOGIES, INC.
SHAREHOLDER LITIGATION

No. 11-CV-7673-(KBF)

ECF CASE

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on September 17, 2013 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all U.S. Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the U.S. Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement of Class Actions dated April 30, 2013 (ECF No. 172-1) (the "Stipulation") and the Declaration of Hannah G. Ross in Support of (A) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 182) (the "Ross Declaration") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation or the Ross Declaration.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all U.S. Settlement Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses was given to all U.S. Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the U.S. Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of 21.25 % of the Settlement Fund, which sum the Court finds to be fair and reasonable, and $ 391,402.89 in reimbursement of litigation expenses, which fees and expenses shall be paid to Lead Counsel from the Settlement Fund.

5. Lead Plaintiff the City of Miami General Employees' and Sanitation Employees' Retirement Trust is hereby awarded $ 15,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the U.S. Settlement Class.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $15,250,000 in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and that numerous U.S. Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

2

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 42,800 potential Class Members and nominees stating that Lead Counsel and Canadian Class Counsel would apply for awards of attorneys' fees in amounts not to exceed, in total, 25% of the Settlement Fund and reimbursement of litigation expenses in amounts not to exceed, in total, $550,000, and there are no objections to the requested awards of attorneys' fees or litigation expenses;

(d) Plaintiff's Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action involves complex factual and legal issues and was actively prosecuted for over two years;

(f) Had Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the U.S. Settlement Class may have recovered less or nothing from the Defendants;

(g) Plaintiff's Counsel devoted over 13,000 hours, with a lodestar value of approximately $6,244,000, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the U.S. Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 17th day of September, 2013.

_____
The Honorable Katherine B. Forrest
United States District Judge

#749448