```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 17 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE SMART TECHNOLOGIES, INC.
SHAREHOLDER LITIGATION

No. 11-CV-7673-(KBF)

ECF CASE

---

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned consolidated securities action is pending in this Court (the "U.S. Action" or "Action");

WHEREAS, (i) Lead Plaintiff the City of Miami General Employees' and Sanitation Employees' Retirement Trust (the "U.S. Lead Plaintiff"), individually and on behalf of the proposed U.S. Settlement Class (as hereinafter defined), and (ii) SMART Technologies Inc. ("SMART"); Nancy L. Knowlton, G.A. (Drew) Fitch, David A. Martin, Salim Nathoo, Arvind Sodhani, Michael J. Mueller, and Robert C. Hagerty (the "Individual Defendants"); Apax Partners L.P. and Apax Partners Europe Managers Ltd ("Apax Partners"); Intel Corporation ("Intel"); and Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated), Deutsche Bank Securities, Inc., RBC Dominion Securities Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, CIBC World Markets Inc., Cowen and Company, LLC, Piper Jaffray & Co., and Stifel Nicolaus & Company (the "U.S. Underwriters") (collectively, the "U.S. Settling Defendants" and, together with U.S. Lead Plaintiff, the "U.S. Settling Parties") entered into a Stipulation and Agreement of Settlement of Class Actions dated as of April 30, 2013 (the "Stipulation"), which sets forth the terms and conditions of the proposed settlement (the "Settlement") of the U.S. Action as well as the securities class action

pending in the Ontario Superior Court of Justice (the "Canadian Court") entitled *Tucci v. SMART Technologies Inc., et al.*, Case No. CV-12-447546-00CP (the "Canadian Action");

WHEREAS, it is a condition of the effectiveness of the Settlement that, in addition to obtaining the approval of this Court, the Canadian Court must also approve the Settlement, and the class claims asserted in the action styled *Harper v. SMART Technologies Inc., et al.*, Case No. CGC-11-514673 pending in the Superior Court of the State of California, County of San Francisco (the "California Action") must be dismissed with prejudice, and all appeal rights with respect to such dismissal must be exhausted;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated May 23, 2013 (the "Preliminary Approval Order"), this Court (i) preliminarily approved the Settlement; (ii) certified the U.S. Settlement Class solely for purposes of effectuating the Settlement; (iii) ordered that notice of the proposed Settlement be provided to potential U.S. Settlement Class Members; (iv) provided U.S. Settlement Class Members with the opportunity to exclude themselves from the U.S. Settlement Class; and (v) provided Class Members who did not request exclusion with the opportunity to object to the proposed Settlement;

WHEREAS, due and adequate notice has been given to the U.S. Settlement Class;

WHEREAS, the Court conducted a hearing on September 17, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the U.S. Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the U.S. Action with prejudice; and

2

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the U.S. Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the U.S. Action, and all matters relating to the Settlement of the U.S. Action, as well as personal jurisdiction over all of the U.S. Settling Parties and each of the U.S. Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on April 30, 2013; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 8, 2013.

3. **Certification of the U.S. Settlement Class for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, solely for purposes of effectuating the Settlement, a class consisting of all Persons who purchased or otherwise acquired, from July 14, 2010 through and including May 18, 2011 (the "U.S. Settlement Class Period"), SMART common stock in the United States, and were damaged thereby (the "U.S. Settlement Class").  Excluded from the U.S. Settlement Class are the Settling Defendants; the members of each Individual Defendant's Immediate Family; the respective current or former officers or directors of each entity Settling Defendant; the respective past or present parents, subsidiaries or affiliates of each entity Settling Defendant and each of their respective current or former officers, directors, partners, or members; any entity in which any Settling Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle (as defined in the

3

Stipulation) shall not be excluded from the U.S. Settlement Class; and, in their capacity as such, the legal representatives, heirs, beneficiaries, successors or assigns of any such excluded party. Also excluded from the U.S. Settlement Class are (a) the Persons listed on Exhibit 1 hereto who are excluded from the U.S. Settlement Class pursuant to request; and (b) any Person who, pursuant to request, is excluded by the Canadian Court from the Canadian Class.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying U.S. Lead Plaintiff as class representative for the U.S. Settlement Class and appointing U.S. Lead Counsel as class counsel for the U.S. Settlement Class.  U.S. Lead Plaintiff and U.S. Lead Counsel have fully and adequately represented the U.S. Settlement Class both in terms of litigating the U.S. Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise U.S. Settlement Class Members (i) of the pendency of the Action, (ii) of the effect of the Settlement (including the Releases provided for therein), (iii) of the motions for an award of attorneys' fees and reimbursement of Litigation Expenses, (iv) of their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the motions for an award of attorneys' fees and reimbursement of Litigation Expenses, (v) of their right to exclude themselves from the U.S. Settlement Class, and (vi) of their right to appear at the Settlement Hearing; (d) constituted due,

4

adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules.

6.    **Final Approval of the Settlement and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Defendants' Releasees; and the dismissal with prejudice of the U.S. Action subject to the satisfaction of the conditions set forth in paragraph 7 below), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the U.S. Settlement Class. The U.S. Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The U.S. Action is hereby dismissed with prejudice subject to (a) the Canadian Court entering a Judgment approving the Settlement and that Judgment becoming Final, and (b) the class claims in the California Action being dismissed with prejudice, and all appeal rights with respect to such dismissal being exhausted. Should either of those conditions not be satisfied, the U.S. Settling Parties and the members of the U.S. Settlement Class shall be restored to their respective positions in the U.S. Action immediately prior to March 11, 2013. The parties shall bear their own costs and expenses, as set forth in the Stipulation.

8.    **Binding Effect** – Subject to the satisfaction of the conditions set forth in paragraph 7 above, the terms of the Stipulation and of this Judgment shall be forever binding on the U.S. Settling Defendants, U.S. Lead Plaintiff and all other U.S. Settlement Class Members

(regardless of whether or not any individual U.S. Settlement Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. The Persons listed on Exhibit 1 hereto are excluded from the U.S. Settlement Class pursuant to request as is any Person who, pursuant to request, is excluded by the Canadian Court from the Canadian Class and all such Persons are not bound by the terms of the Stipulation or this Judgment.

9.    **Releases** -- The Releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, U.S. Lead Plaintiff and each of the other U.S. Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim against all of the Defendants' Releasees and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto or to any Person who, pursuant to request, is excluded by the Canadian Court from the Canadian Class.

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, each of the U.S. Settling Defendants and each of other Defendants' Releasees, on behalf of themselves, their heirs, executors, administrators,

predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Defendants' Claim against all of the Plaintiffs' Releasees and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto or to any Person who, pursuant to request, is excluded by the Canadian Court from the Canadian Class.

10.    Notwithstanding ¶¶ 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **Settlement Discharge** – Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737, 15 U.S.C. § 78u-4(f)(7) (the "PSLRA"), the Court hereby bars all future claims for contribution arising out of the Action (a) by any person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered person (as defined in the PSLRA) against any Person, other than a Person whose liability to the U.S. Settlement Class has been extinguished by the settlement of the settling covered person.

12.    **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the U.S. Settlement Class or a U.S. Settlement Class Member against any person or entity subject to the settlement discharge set forth in paragraph 11 shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the settling covered persons (as defined in the PSLRA) for common damages; or (b) the amount paid by or on behalf

of the settling covered persons (as defined in the PSLRA) to the U.S. Settlement Class or a U.S. Settlement Class Member for common damages.

13.    **Rule 11 Findings** – The Court finds and concludes that the U.S. Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the U.S. Action.

14.    **No Admissions** – Neither this Judgment, nor the Term Sheet or the Stipulation (whether or not consummated) or their negotiation, nor any proceedings taken pursuant thereto shall:

(a)    be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by U.S. Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees;

(b)    be offered against any of the Plaintiffs' Releasees, as evidence of any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to enforce the terms of the Stipulation; provided, however, that, the Settling Parties and the Releasees and their respective counsel may refer to them to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

8

(c)    be construed against any of Releasees as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered after trial; nor

(d)    be construed against the Plaintiffs' Releasees as an admission, concession or presumption that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the U.S. Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion by U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the U.S. Settlement Class Members for all matters relating to the U.S. Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of U.S. Lead Counsel for an award of attorneys' fees and reimbursement of U.S. Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially

limit the rights of U.S. Settlement Class Members in connection with the Settlement. Without further order of the Court, U.S. Lead Plaintiff and the U.S. Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.  **Termination** – If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

19.  **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _17th_ day of _September,_ 2013.

_____
The Honorable Katherine B. Forrest
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

# 719970

10

## Exhibit 1

### Persons Excluded from the U.S. Settlement Class Pursuant to Request

1.   LCF Edmond De Rothschild
       Securities Limited
       London, UNITED KINGDOM

2.   Joan P. Ferguson
       Ottawa, ON CANADA

3.   Andrew A. Boolinoff
       Castlegar, BC CANADA

4.   Roger Jarvis
       Marie Jarvis
       Calgary, AB CANADA

5.   Deborah L. Boolinoff*
       Airdrie, AB CANADA