Case 1:11-cv-07673-KBF   Document 203   Filed 10/15/13   Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 15 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE SMART TECHNOLOGIES, INC.                               :    11 Civ. 7673 (KBF)
SHAREHOLDER LITIGATION                                       :
                                                             :    ORDER
                                                             :
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

On September 27, 2013 counsel for plaintiffs Thomas Harper and Dianne Keene in Harper v. Smart Technologies, et al., No. CGC-11-514673, Superior Court of California, County of San Francisco ("Harper"), submitted a letter requesting $457,552.00 in attorneys' fees and $26,749.06 in costs allegedly incurred by counsel in prosecuting the Harper action. (See Harper Ltr. at 1-2, ECF No. 197.) According to counsel, the work it did in Harper "added a significant amount of consideration to [the] shareholders" in this action because it created additional risk for the defendants and provided new information and legal theories utilized by plaintiffs. (Id.)

On October 8, 2013, counsel for defendants SMART Technologies, Inc., David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo, Arvind Sodhani, Michael J. Mueller, Robert C. Hagerty, Apax Partners L.P., and Apax Partners Europe Managers Ltd. filed a letter in response, stating its position that Harper did not add any independent value to the settlement class in this action. (See Def.'s Ltr. at 1-2, ECF No. 199.)

Also on October 8, 2013, counsel for lead plaintiff, the City of Miami General Employees' and Sanitation Employees' Retirement Trust ("Lead Plaintiff"), filed a

1

letter opposing the request for fees and expenses. (See Pl.'s Ltr. at 1-4, ECF No. 200.) Counsel for Lead Plaintiff argues that the request is untimely and contrary to Rule 23 of the Federal Rules of Civil Procedure, and that the Harper counsel contributed nothing to the class settlement achieved in this case.

The Court hereby DENIES the request for fees and costs submitted by counsel in Harper.

First, the request is untimely because it was not made until ten days after the Court granted final approval of the settlement and Lead Plaintiff counsel's proposal for fees and costs.[1] Rule 23(h) of the Federal Rules of Civil Procedure requires that notice and an opportunity to object be given to class members prior to an award of attorneys' fees and costs. See Fed. R. Civ. P. 23(h)(2). Since counsel in Harper failed to submit his request prior to the notice of fees and costs being sent out to the settlement class, his request runs contrary to Rule 23(h).

Second, the Harper counsel has failed to show it conferred sufficient benefit on the settlement class, so as to warrant an award of fees and costs in this case. As counsel for Lead Plaintiff points out, counsel in Harper did not participate in the mediation or negotiations that ultimately led to settlement of the action, assist with the substantial discovery that took place prior to the settlement, or advance any factual allegations or legal theories that were not already clear and apparent to Lead Plaintiff's counsel in this case. (See Pl.'s Ltr. at 2-3.)

---

[1] Counsel for Harper did make an oral motion – virtually as an aside – at the hearing on the settlement. The Court stated it believed the request was likely untimely but that counsel could submit papers.

Accordingly, the Court hereby DENIES the request submitted by counsel in Harper for fees and costs.

SO ORDERED.

Dated: New York, New York
       October 15, 2013

                                         KATHERINE B. FORREST
                                         United States District Judge