**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SMART TECHNOLOGIES, INC. SHAREHOLDER LITIGATION | No. 11-CV-7673-(KBF)<br>ECF CASE |

## ~~[PROPOSED]~~ ORDER APPROVING DISTRIBUTION PLAN

U.S. Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "U.S. Action"). The Court, having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Jason Rabe in Support of U.S. Lead Plaintiff's Motion for Approval of Distribution Plan (the "Rabe Declaration") and the Memorandum in Support of U.S. Lead Plaintiff's Motion for Approval of Distribution Plan, submitted therewith:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement of Class Actions (ECF No. 172-1) (the "Stipulation") and the Rabe Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Rabe Declaration.

2. This Court has jurisdiction over the subject matter of the U.S. Action and over all parties to the U.S. Action, including all U.S. Settlement Class Members.

3. U.S. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, Rust Consulting, Inc. ("Rust"), to accept the U.S. Eligible Claims set forth in Exhibit A-1 to the Rabe Declaration are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible U.S. Claims as set forth in Exhibit A-2 to the Rabe Declaration, are adopted;

(c) Once the Canadian Court enters its order with respect to Rust's recommendations as to the acceptance and rejection of Claims submitted by Canadian Class Members, Rust is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court on this motion, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their Recognized Claim in comparison to the Recognized Claim of all Authorized Claimants, as further detailed in paragraph 41(a) of the Rabe Declaration (the "Distribution"). Rust shall notify Authorized Claimants who do not satisfy the $10.00 *de minimis* requirement that they will not be receiving any distribution from the proceeds of the Settlement;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." U.S. Lead Counsel and Rust are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or

its check within said time as detailed in paragraph 41(b) footnote 16 of the Rabe Declaration;

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 41(b) footnote 16 of the Rabe Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be redistributed to other Authorized Claimants, if U.S. Lead Counsel and Canadian Class Counsel, in consultation with Rust, determine that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 41(b) footnote 16 of the Rabe Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After Rust has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as set forth in paragraph 41(b) footnote 16 of the Rabe Declaration), but no earlier than one year after the Distribution, Rust shall, if U.S. Lead Counsel and Canadian Class Counsel, in consultation with Rust, determine that it is cost effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting Rust's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution) and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution

check and who are entitled to at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until U.S. Lead Counsel and Canadian Class Counsel, in consultation with Rust, determine that further redistribution is not cost effective;

(g) At such time as U.S. Lead Counsel and Canadian Class Counsel, in consultation with Rust, determine that further redistribution of the funds remaining in the Net Settlement Fund is not cost effective, if sufficient funds remain to warrant the processing of Claims received after May 15, 2018, such Claims shall be processed, and any otherwise valid Claims received after May 15, 2018 as well as any earlier received Claims for which an adjustment was received after May 15, 2018 which resulted in an increased Recognized Claim shall be paid in accordance with subparagraph (h) below. If any funds shall remain in the Net Settlement Fund after payment of any such late or late adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by U.S. Lead Counsel and Canadian Class Counsel and approved by the Courts;

(h) No new Claims may be accepted after May 15, 2018, and no further adjustments to Claims received on or before May 15, 2018 that would result in an increased Recognized Claim amount may be made for any reason after May 15, 2018, subject to the following exception. If Claims are received or modified after May 15,

2018 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that U.S. Lead Counsel and Canadian Class Counsel, in consultation with Rust, determine that a redistribution is not cost effective as provided in subparagraph (g) above, then, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such Claimants, at the discretion of U.S. Lead Counsel and Canadian Class Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all U.S. Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, U.S. Lead Plaintiff, Canadian Representative Plaintiff, U.S. Lead Counsel, Canadian Class Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by U.S. Lead Plaintiff, Canadian Representative Plaintiff, U.S. Lead Counsel, or Canadian Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of Rust's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit B to the Rabe Declaration are approved, and U.S. Lead Counsel is directed to pay the outstanding balance of $223,228.21 out of the Settlement Fund to Rust; and

(k) Unless otherwise ordered by the Court, one year after the Second Distribution if that occurs or, if there is no Second Distribution, two years after the Distribution, Rust shall destroy the paper copies of the Claims submitted by U.S. Settlement Class Members and all supporting documentation and, one year after all funds have been distributed, Rust shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: 6/6, 2018

KB. Forrest

The Honorable Katherine B. Forrest
United States District Judge

#1191926